IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>        Plaintiff,<br>v.<br><br>BLISTEX, INC.,<br><br>        Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant BLISTEX, INC. ("Defendant") as follows:

## I.
## NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its BLISTEX® branded products with United States Patent Number 4,887,924 ("the '924 Patent) even though the '924 Patent is expired, and has been expired since February 19, 2008. On information and belief, Defendant marks certain of its BLISTEX® branded products with the expired '924 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant BLISTEX, INC. is a Corporation established under the laws of the State of Illinois with its principal place of business at 1800 Swift Drive Oak Brook, Illinois 60523-1574.

6. Upon information and belief, Defendant is a privately held company and in the business of developing and marketing lip care products.

## III.
## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

9. This Court has personal jurisdiction over Defendant because Defendant resides in Illinois and in this District and has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## THE '924 PATENT

10. The '924 Patent, entitled "Angled Tip Applicator," was filed on February 19, 1988, issued on December 19, 1989 and expired on February 19, 2008. A true and correct copy of the '924 Patent is attached hereto as Exhibit A.

11.     Upon information and belief, the '924 Patent discloses a lip balm applicator an angled tip portion. The Summary of the Invention section of the '924 Patent states in relevant parts as follows:

> *"It is therefore a general object of the present invention to provide for a balm applicator having an angled tip portion which has a curvilinear or continuously changing curving convex surface which allows for excellent spreading of the balm or ointment salve on the user's lips."* (col. 1, lines 48 – 53)

## V.
## COUNT I

12.     Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13.     Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its BLISTEX® branded lip balm.

14.     The '924 Patent expired on February 19, 2008.

15.     Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following product and/or packaging thereof, with the expired '924 patent: BLISTEX® Medicated Lip Ointment.

16.     BLISTEX® Medicated Lip Ointment is currently sold in a number of different packaging variations. An exemplary packaging marked with the '924 Patent is shown below:



17.  The instance of false marking shown in paragraph 16 above is representative and not exhaustive.

18.  Upon information and belief, the packaging for BLISTEX® Medicated Lip Ointment was designed and printed after the '924 Patent had expired, as indicated by the copyright notice "©2009 Blistex Inc.", marked on the exemplary packing shown in paragraph 16 above.

19.  When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

20.  Upon information and belief, Defendant is a sophisticated company and has experience applying for, obtaining, and litigating patents. To date, at least 11 United States patents have issued and are assigned to Defendant.

21.  Upon information and belief, Defendant has an in-house legal department.

4

22.   Upon information and belief, Defendant has at least in the past retained outside counsel to prosecute its patent applications and to maintain its patent portfolio.

23.   Upon information and belief, attorneys in Defendant's in-house legal department are responsible for Defendant's intellectual property and marketing, labeling, and advertising law.

24.   Upon information and belief, Defendant has at least in the past retained outside counsel to advice Defendant in matters of intellectual property and marketing, labeling and advertising law.

25.   Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

26.   Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '924 Patent marked on the BLISTEX® Medicated Lip Ointment product has expired.

27.   Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the BLISTEX® Medicated Lip Ointment product is not covered by the expired '924 Patent marked on such product because an expired patent has no prospective patent rights.

28.   Upon information and belief, Defendant has previously accused companies of patent infringement and/or Defendant has been accused of patent infringement.

29.   As a sophisticated company with, upon information and belief, in-house attorneys and/or outside counsel, who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

30. The false patent markings for the BLISTEX® Medicated Lip Ointment product is found on the product packaging. (*See* paragraph 16 above)

31. Upon information and belief, Defendant intentionally included the expired '924 Patent in the patent markings of the BLISTEX® Medicated Lip Ointment product, in an attempt to prevent competitors from using the same or similar angled tip applicator.

32. Upon information and belief, Defendant marks the BLISTEX® Medicated Lip Ointment product with the expired '924 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '924 patent.

33. Each false marking on the BLISTEX® Medicated Lip Ointment product is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

34. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

35. Upon information and belief, Defendant knows, or reasonably should know, that marking the BLISTEX® Medicated Lip Ointment product with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

36. Upon information and belief, Defendant's marking of its BLISTEX® Medicated Lip Ointment product with the expired '924 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an

immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

37.    Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described BLISTEX® Medicated Lip Ointment product in the market place.

38.    For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

39.    Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)    A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)    An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c)    An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 23, 2010

Respectfully submitted,

_____
Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissmann
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissmann@emcpc.com
E-mail: meadrot@emcpc.com
E-mail: crynne@emcpc.com