IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, | |
| Relator, | Civil Action No. 1:10-cv-01201 |
| v. | Judge Amy St. Eve |
| BLISTEX, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**RELATOR'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES
12(b)(1), 12(b)(6) AND 9(b), AND IN THE ALTERNATIVE TO RULE 12(c)**

Thomas A. Simonian, as *qui tam* relator on behalf of the United States of America ("Relator"), respectfully submits this Response in Opposition to the Motion to Dismiss filed by Defendant Blistex Inc. ("Blistex"). Blistex does not and cannot deny that it has mis-marked at least one of its products with a patent that expired more than two years ago, as set forth in Relator's Complaint. *See* Complaint for False Patent Marking ("Complaint"), attached as "Exhibit A." Blistex nonetheless argues that the Complaint should be dismissed because: (i) the Relator supposedly lacks standing to bring a claim under § 292 of the Patent Act; (ii) the Relator supposedly has not pled with the particularity required by Rule 9(b); and (iii) the Relator supposedly cannot allege a cognizable injury to support standing or any plausible facts of Defendant's deceitful intent.

As set forth below, Blistex's motion should be denied. First, Congress granted the Relator standing to file this lawsuit *on behalf of the United States*, the United States has suffered an injury from Blistex's false marking, and the Relator has sufficiently pled its standing here. The standing of non-competing relators like Mr. Simonian was recently reaffirmed by the Federal Circuit's decision in *Pequinot v. Solo Cup*, where the court, which has an obligation "in

1

the first instance" to determine whether it has subject matter jurisdiction[1], did not *sua sponte* dismiss the plaintiff's complaint for lack of standing but instead addressed the merits of the case. *See Pequinot v. Solo Cup Company*, 2010 U.S. App. LEXIS 11820 at *10-23 (Fed. Cir. 2010) ("*Solo Cup*").[2] Second, the Relator has plead his complaint with the requisite particularity and plausibility under Rule 8(a) and Rule (9)(b), assuming *arguendo* that Rule 9(b) applies. The Relator has sufficiently alleged "the who, what, when, where, and how: the first paragraph of any newspaper story." *United States ex rel. Lusby v. Rolls-Royce Corporation*, 570 F.3d 849, 853 (7th Cir. 2009). In doing so, the Relator alleged facts that demonstrate that Blistex falsely represented the status of intellectual property marked on its Medicated Lip Ointment product and that it did so for purposes of deceiving the public. In this latter regard, because Blistex marked its product with a patent that was expired at the time of marking and was aware that the patent was expired, a "rebuttable presumption" arises that Blistex falsely marked its products for the purpose of deceiving the public. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *15-16. The Relator has thus "plausibly" alleged both elements of a false marking claim.

### Argument: Blistex's Motion to Dismiss Should Be Denied.

As detailed herein, the Federal Circuit's recent guidepost decisions in this area strongly support Relator's claims.

**A.  Marking a Product With an Expired Patent Constitutes False Marking Under Section 292.**

With respect to what constitutes an "unpatented article," the court in *Clontech Labs v. Invitrogen Corp.*, held that, "[when] the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the

---

[1] *See International Electronic Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330 (Fed. Cir. 2007).

[2] This and all other unpublished decisions are attached hereto as "Group Exhibit 1" in order of appearance.

2

article is marked." 406 F.3d 1347, 1352 (Fed. Cir. 2005). Accordingly, if a patent is marked with multiple patent numbers, each and every patent marked on that article must be valid (*e.g.*, not expired) and must have at least one claim that covers the article. *Id.* at 1352, 1356-7.

In *Simonian v. Merck*, Judge Shadur denied Merck's motion to dismiss, holding that, based on the language of Section 292 and the logic of the Federal Circuit's ruling in the *Forest Group*, a false-marking claim can properly be based on expired patents. (Mem. Op. at p. 4 of 6, attached as "Exhibit B") (reaffirming *Zojo Solutions, Inc. v. The Stanley Works*, 2010 U.S. Dist. LEXIS 46407 at *4-5 (N.D. Ill. May 12, 2010). Recently, the Federal Circuit held in *Solo Cup* that "an article covered by a now-expired patent is 'unpatented'" within the meaning of Section 292. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *12. As the Federal Circuit explained, marking with an expired patent can form the basis for a false marking claim because, "as with a never-patented article, an article marked with an expired patent number imposes on the public 'the cost of determining whether the involved patents are valid and enforceable." *Id.* at *14, quoting *Clontech Labs*, 406 F.3d at 1357, fn. 6.

With regard to the question of fact whether false marking rises to the "level of statutory deception," the Federal Circuit articulated the test as follows: "[i]ntent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs*, 406 F.3d at 1352. Put another way, "'the *fact* of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.'" *Id.* (emphasis added; citation omitted). Or, as the Supreme Court recently phrased it:

3

> We recognize that certain statements are such that, to show them false, is normally to show scienter as well. It is unlikely, for example, that someone would falsely say 'I am not married' without being aware of the fact that his statement is false.

*Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 1796-97 (April 27, 2010). Indeed, in false marking cases, a "rebuttable presumption" arises that a company that misrepresents the status of its patents with the knowledge that the representation is false, does so with the intent to deceive the public. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *15-16.

### B.  Applicable Legal Standards

This Court recently set out the standard for a Rule 12(b)(6) motion to dismiss as follows:

> A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *See, e.g., Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In resolving a Rule 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the nonmoving party. *See, e.g., McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006). Dismissal is warranted under Rule 12(b)(6) only where the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See, e.g., Goren v. New Vision Intern., Inc.,* 156 F.3d 721, 726 (7th Cir. 1998).

*Jones v. Corus Bankshares, Inc.*, 2010 U.S. Dist. LEXIS 33579 at *2 (N.D. Ill. Apr. 6, 2010). "In ruling on a motion to dismiss for lack of standing, the material allegations of the complaint must be accepted as true, and the complaint is to be liberally construed in favor of the plaintiff." *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 73871 at *15 (N.D. Ill. Aug. 20, 2009). "The complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

With regard to Rule 9(b), the plaintiff must allege "the who, what, when, where, and how [of the misrepresentation]: the first paragraph of any newspaper story." *Lusby*, 570 F.3d at 853.

4

### C. The Relator Has Standing to Bring Suit on Behalf of the Government.

Blistex argues that Relator "must nonetheless allege an assignable injury in fact to support *qui tam* Article III standing," and "Simonian's failure to allege anything more than conclusory and speculative statements of injury is fatal to the needed Article III standing for the Plaintiff." (Blistex Mem. at pp. 5-6). However, the *Clontech Labs* court made clear that false marking harms the public interest because, inter alia, it forces the public to expend resources it should not have to. The court stated that:

> False marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.

*Clontech Labs*, 406 F.3d at 1356-7.

Moreover, Blistex is simply incorrect in asserting that there is no assignable injury provided under § 292. (Blistex Mem. at p. 5) Contrary to Blistex' assertion, as a *qui tam* Relator, Mr. Simonian takes a partial assignment of the United States' claim. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000). As such, the Relator has standing based on the United States' injury. *Id.* ("adequate basis for the relator's suit for his bounty is to be found in the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor"); *The Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295, 1303-4 (Fed. Cir. 2009) ("...the false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking"); *Patent Compliance Group, Inc. v. Interdesign, Inc.*, 3:10-cv-0404-P, pp. 10-11. (N.D. Tx. June 28, 2010)("...these pleadings are sufficient under both *Pequinot* and *Juniper Networks* because Plaintiff brings suit on behalf of the government

5

and alleges public injuries recognized under case law as the result of falsely marked patents. As such, the Court finds the pleadings satisfy Article III standing under the false marking statute" and "[T]o the extent Defendant contends that Plaintiff may not exercise the government's duty to ensure the laws are faithfully obeyed, this is directly contrary to the policy behind qui tam actions."), attached as "Exhibit C"; *Juniper Networks v. Shipley*, 2010 U.S. Dist. LEXIS 24889 at *16 (N.D. Cal. Mar. 17, 2010) ("in *qui tam* actions, the injury need not be suffered by the relator; injury in fact to the United States is sufficient;" relator had standing to bring §292 claim).[3]

Two questions follow. The first question is whether the United States has standing to pursue a claim against a company that abuses the patent rights granted to it by the United States – as part of the contract between the public and the inventor – and injures the public by providing misleading commercial information. The answer to that question is yes. *The Forest Group*, 590 F.3d at 1303 (explaining that the public is injured when it must expend search costs to determine the status of intellectual property); *Clontech Labs*, 406 F.3d at 1356-7 (same).

Despite Blistex's claims to the contrary, the Relator has adequately plead the harm caused by the false marking. Relator's Complaint alleges that Blistex's false marking deceives the public and decreases competition which results in harm to the United States. *See* Ex. A at ¶¶ 31-37. Moreover, as the court in the *Patent Compliance Group* case noted in denying defendant's motion to dismiss based on lack of standing, the "injury suffered under the false marking statute is not always tangible and readily identifiable." *See* Ex. C at 9.

---

[3] Blistex argues, in the alternative, that Realtor's Complaint should be dismissed under Rule 12(c) because "Plaintiff has not, and apparently cannot, allege any cognizable injury to support Article III Standing." (Blistex Mem. at p. 13) For the same reasons discussed in this section, Blistex is mistaken. Plaintiff has alleged injury in fact to the United States, which is sufficient in providing Relator standing to bring a § 292 claim. *See Juniper Networks v. Shipley*, 2010 U.S. Dist. LEXIS 24889 at *16. *See* Ex. A, ¶¶ 36-38.

6

The second question is whether there is any jurisdictional problem caused by the Relator's pursuit of the United States' claims based on this injury to the public. The answer to that question is <u>no</u>. If it were otherwise, the Federal Circuit would not have addressed the merits in *Solo Cup*, but would have *sua sponte* dismissed. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *10-23; *Simonian v. Merck* ("it must be remembered that if the Federal Circuit had perceived that the statute posed a subject matter jurisdictional problem, it would have been obligated to raise and address that issue *sua sponte*"), Ex. B at p. 4. Indeed, during briefing in *The Forest Group*, the appellee raised the issue of a *qui tam* relator's standing to bring a claim in the absence of a direct personal injury. *See* Appellee's Brief in *The Forest Group*, attached as "Exhibit D", p. 13. The Federal Circuit had two possible responses to this argument: (a) it could have stated that such a plaintiff would not have standing, and thus there was no need to fear claims from "enterprising litigants;" or (b) it could have stated that the statute in fact encouraged enterprising litigants to bring such claims despite the absence of direct injury. The Federal Circuit emphatically chose the latter course. *The Forest Group*, 590 F.3d at 1303-4 ("By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking"); *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *13-15 (reaffirms *Clontech Labs* and *The Forest Group*); *Simonian v. Merck* (reaffirming *Zojo Solutions*, "*Forest Group* has confronted – and [has] rejected – the notion that private plaintiffs such as Zojo here were not intended to be granted authority to bring this type of action."), Ex. B at p. 4. Moreover, the Court in *Patent Compliance Group* held that "particularly with regard to the public and social injuries espoused in *Forest Group*, recognizing harm without a readily apparent injury is not a unique concept (i.e., victimless crimes)." *See* Ex. C at 10. *See also Simonian v. Cisco Systems,* 1:10-cv-1306, p.5, (N.D. Ill. June 17, 2010) ("The United States is

7

injured when the laws it enacts to protect the public are violated... Since the United States suffers an injury when the false marking statute is violated, Simonian has standing to assert a claim against Cisco under 35 U.S.C. 292."), attached as "Exhibit H."

Blistex attempts to subvert this argument by citing extensively to *Stauffer*. However, *Stauffer* cannot surmount this law or logic. First, the Federal Circuit has an independent obligation "in the first instance" to determine whether it has subject matter jurisdiction. *Hughes Aircraft Co.*, 476 F.3d at 1330. In *Solo Cup,* where the plaintiff was a non-competitor like Mr. Simonian, the Federal Circuit ruled on the merits. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *10-23. Thus, unless one believes the Federal Circuit simply "missed" the subject matter jurisdiction issue, despite its obligation to assess it (even *sua sponte*), the Federal Circuit is comfortable with the standing of relators like Mr. Pequinot and Mr. Simonian. Indeed, given that the trial court in *Solo Cup* specifically addressed the standing issue (640 F.Supp.2d 714, 720-1) and given that the Federal Circuit is aware of the pending *Stauffer* case, it is hard to believe that the Federal Circuit "missed" the issue. Second, *Stauffer* predated *Solo Cup* and *The Forest Group*, which clearly reaffirm the public injury that Congress was seeking to redress with § 292 suits. Considering the strong position it took in *The Forest Group* supporting a "cottage industry" of false-marking bounty hunters, and having had the opportunity to address any subject matter jurisdiction problems, it is difficult to imagine that the Federal Circuit would abort *The Forest Group* and find that *qui tam* relators have no standing.[4] *See Simonian v. Merck,* Ex. B at p. 3. Third, even if *Stauffer* can be read as making a broad statement about Constitutional standing law, that broad reading is simply incorrect, as the United States itself has argued to the

---

[4] Given that *Stauffer* was decided before the Federal Circuit's rulings in *Solo Cup* and *The Forest Group*, there is little reason for this Court to view *Stauffer* as persuasive on the jurisdictional issue now. Of course, the Relator does not agree that *Stauffer* was persuasive. *See Harrington v. Ciba Vision Corporation*, 08 C 251, Tr. at 5-6, 116- 122 (W.D.N.C. May 22, 2009) (finding standing for the § 292 relator after considering – and rejecting – the *Stauffer* opinion, even before *The Forest Group* ruling), attached as "Exhibit F."

8

Federal Circuit. *See U.S. Brief,* attached as "Exhibit E." As the United States summarized, "the district court imposed an injury requirement on Stauffer as a *qui tam* plaintiff that finds no basis in many years of actual practice, cannot be squared with the Supreme Court's reasoning in upholding Article III *qui tam* standing under the False Claims Act in *Vermont Agency,* and would undermine the premise for standing by actions in court by the United States itself under numerous parts of the U.S. Code." Ex. E at 12.

In sum, as *qui tam* relator and assignee of the United States' claims for this purpose, Mr. Simonian has standing to pursue the injury Blistex caused the public by falsely marking its products in violation of § 292, in breach of its patent contract with the public.[5]

### D. The Relator Has Plead a Plausible False Marking Claim.

Under the case law, the Relator must plead – and prove by a preponderance of the evidence – (a) that Blistex's product is falsely marked, and (b) that Blistex lacked a reasonable belief that its product was properly marked. *Clontech Labs,* 406 F.3d at 1352-3. Once the Relator has pled that false marking occurred and that the defendant was aware that the false marking occurred, a "rebuttable presumption" exists that the defendant falsely marked its product (with a patent that does not cover the product) for the purpose of deceiving the public. *Solo Cup,* 2010 U.S. App. LEXIS 11820 at *15. Because the presumption is "rebuttable," the defendant may then submit evidence (at trial or, as in *Solo Cup,* on summary judgment) in order to satisfy its burden of proof "to show by a preponderance of the evidence that it did not have the

---

[5] *Assuming arguendo* that this Court entertains Blistex's arguments in support of its motion to dismiss, Plaintiff should be permitted leave to amend. Blistex contends that Realtor cannot plead injury in fact and, therefore, the Complaint should be dismissed with prejudice, but Blistex's conclusory assertions in support have no basis in law. Blistex argues that "[t]here is no possibility that Blistex's competitors, consumers, or any member of the public could be deceived" and "[Realtor] cannot allege any such harm because to do so would defy reality." (Blistex Mem. at p. 7) But, such assertions are directly contradicted by the current allegations of the Complaint. *See* Ex. A, ¶¶ 32, 33, 36-38. To the extent this Court grants Blistex's Motion under any theory, Plaintiff respectfully requests leave to amend the Complaint to provide further particularized allegations.

9

requisite purpose to deceive." *Id.*; *Pequignot v. Solo Cup*, 646 F. Supp. 2d 790, 797 (E.D. Va. 2009) ("Whether evidence exists to rebut the presumption 'turns on a fact-specific examination of the defendant's conduct'"), quoting *Pequignot v. Solo Cup*, 540 F. Supp. 2d 649, 654 (E.D. Va. 2009) (denying motion to dismiss complaint similar to Simonian's).[6]

"The question of whether conduct rises to the level of statutory deception is a question of fact." *Clontech Labs*, 406 F.3d at 1353. Blistex contends that this fact issue can properly be the subject of a motion to dismiss at the pleading stage because "[Plaintiff's] wholly speculative averments are, of course, insufficient to raise even a facial plausibility of Defendant's alleged deceitful intent, such as required under § 292." (Blistex Mem. at p. 10) But, having alleged that Blistex falsely marked its products with a patent that it knew had expired, the Relator has alleged a "plausible" claim for false marking:

> At the pleadings stage – viewing all facts in the light most favorable to the plaintiff – allegations that a defendant knowingly mismarked an article with an expired patent (*i.e.* a false statement with knowledge) allows a court to infer intent to deceive the public. [Citing the Federal Circuit's Solo Cup opinion].

*Patent Compliance Group, Inc.* (Ex. C at 18).

Put another way, because Blistex is "presumed to know the law," it is plausible for the Relator (and this Court) to infer that Blistex knew or should have known that the patents were expired, that such conduct was prohibited by law, and that Blistex intended to violate the law and deceive the public. *See, Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347, 1361-2 (Fed. Cir. 2001) ("because knowledge of the law is chargeable to the inventor," and "inventors represented by counsel are presumed to know the law," the district court's "inference of deceptive intent is not clearly erroneous ... the district court correctly concluded that Novo knew or should have known that the PTO and the Board would have

---

[6] Attached as "Exhibit G" is a copy of the complaint at issue in the March 24, 2009 ruling, denying Solo Cup's motion to dismiss.

10

considered the information ... important"); *see also, Solo Cup*, 2010 U.S. App. LEXIS 11820 at *7 ("under *Clontech*, a false marking with knowledge of falsity creates a rebuttable *presumption* of intent to deceive. ... Whether evidence suffices to rebut the presumption turns on a fact-specific examination of the defendant's conduct"). Moreover, to allege a plausible claim, the Relator is not obligated to allege the absence of all possible innocent explanations of defendant's conduct. *See Lusby*, 570 F.3d at 854 (pleader need not "exclude all possibility of honesty in order to give the particulars of fraud"). In *Lusby*, the Seventh Circuit pondered all sorts of possibilities that might prevent the relator from proving the False Claim Act claim, but as a pleading matter, the law is clear: "[no] complaint needs to rule out all possible defenses." *Id.* at 855.

In attempting to convince this Court to dismiss the Relator's Complaint, Blistex relies heavily on the Federal Circuit's ruling in *Solo Cup*. (Blistex Mem. at p. 10-12). But, as Judge Solis explained in the *Patent Compliance Group* case, decided on June 28, 2010, after Blistex filed its Motion to Dismiss, the *Solo Cup* decision confirms Plaintiff's assertion regarding the inference that can be drawn – at the pleading stage – from allegations that a defendant has knowingly marked a product with an expired patent:

> Defendant relies on Brinkmeier and asserts that the mere presence of products with expired patent labels in the stream of commerce does not create an inference of deceptive intent... While *Brinkmeier* declined to draw an inference of deceptive intent from pleadings that the defendant knowingly marked certain articles with an expired patent number, this ruling departs from *Clontech* and subsequent Federal Circuit case law. *See Clontech Labs*, 406 F.3d at 1352-1353; *Pequignot v. Solo Cup Co.*, [2010 U.S. App. LEXIS 11820, * 15-16] ("[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public").

*Patent Compliance Group*, Ex. C at 17-18.

Accordingly, having alleged that Blistex is a sophisticated company, that Blistex was aware that its '924 Patent had expired, and that subsequent to that expiration, Blistex marked the

11

'924 patent on the accused product, the Relator has alleged a plausible claim for false marking based on the rebuttable presumption that Blistex falsely marked for the purpose of deceiving the public. *See* Ex. A, ¶¶ 2, 10, 14-18, 20-27, 29-37); *Solo Cup*, 2010 U.S. App. LEXIS 11820 at *15; *Solo Cup*, 646 F. Supp. 2d at 797; *Patent Compliance Group*, Ex. C, Order at 17-18).

### E. The Relator Has Pled a False Marking Claim with the Particularity Required by Rule 9(b).

Blistex argues that false marking claims are subject to the pleading requirements of Rule 9(b) because the "false marking statute 35 U.S.C. § 292 is a fraud-based claim." (Blistex Mem. at 11). This ignores the Federal Circuit's ruling in *Solo* Cup where the Court specifically distinguished between the standard of proof for false marking claims and inequitable conduct claims. *See Solo Cup*, 2010 U.S. App. LEXIS 11820 at **18-19. Inequitable conduct, a fraud-based claim, must be proven by clear and convincing evidence. *Id.* Fraud must be proved by clear and convincing evidence. *See In re Bose*, 580 F.3d 1240, 1243 (Fed. Cir. 2009). Conversely, a false marking claim simply requires a preponderance of the evidence. *Solo Cup*, 2010 U.S. App. LEXIS 11820 at **18-19. The different standards of proof indicate that a false marking claim is different than a "regular" fraud-based claim, and that Rule 9(b) is, therefore, inapplicable. This differentiation is particularly clear now in view of *Solo Cup's* holding that there is a rebuttable presumption of intent when the defendant knowingly engaged in false marking of its products. *See Solo Cup*, 2010 U.S. App. LEXIS 11820 at *15-16. Of course, there is no such presumption of intent in "regular" fraud cases.

However, as shown below, because the Relator's pleading satisfies Rule 9(b) in any event, we need not engage in an extensive discussion on the debate between the competing

12

district court cases on both sides of the issue. This is the same approach taken by Judge Solis in *Patent Compliance Group*:

> The Court declines to make findings on the application of Rule 9(b). Even if the Rule 9(b) heightened standards apply in the instant case, the complaint – viewing the pleadings in the light most favorable to the Plaintiff – is sufficient to draw an inference of intent to deceive the public and establish a prima facie case under the false marking statute. Ex. C at 17, fn. 7.

### 1. "Intent" need NOT be alleged with particularity.

Blistex asserts that the Relator has failed to meet its pleading requirements because "Plaintiff fails to allege Defendant's fraudulent deceptive intent with particularity." (Blistex Mem. at 12) Blistex is wrong, as Rule 9(b) itself makes clear. While a plaintiff must "state with particularity" the "circumstances constituting fraud," there are certain things that "may be alleged generally:" "[m]alice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b). Because things such as knowledge and intent are "uniquely within another party's control," they may be pled on information and belief. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009). Accordingly, the Relator's allegations, on information and belief, that Blistex acted with intent to deceive the public when it marked its product with an expired patent is sufficient pursuant to the explicit terms of Rule 9(b). [7]

---

[7] Blistex asserts that Relator's "allegations that an expired patent number appears on a product is meaningless with respect to any intent associated with the act of marking." (Blistex Mem. at 12) First, Relator notes that it is sufficient to provide facts sufficient to support an inference of intent. Second, as mentioned above, the 7th Circuit stated in *Lusby*, that a pleader is not obligated to allege the absence of all possible innocent explanations for defendant's conduct (*See Lusby*, 570 F.3d at 854). Here, Blistex's intent to deceive can and should be inferred based on the following facts plead by Relator: (1) Blistex is a sophisticated company with experience applying for and obtaining patents; (2) the patents at issue had been expired for more than two years; and (3) the packaging for the product at issue had been reviewed and/or revised by Blistex **after** the expiration of the patent as evidenced by the 2009 copyright markings on the product packaging. *See* Ex. A, ¶¶ 14, 18, 20, 29.

13

**2.     The Relator has alleged the requisite "who, what, when, where, and how" of Rule 9(b) and has pled the required elements of a false marking claim.**

Under the case law, the Relator must plead – and prove by a preponderance of the evidence – (a) that Blistex's product was falsely marked, and (b) that Blistex lacked a reasonable belief that its product was properly marked. *Clontech Labs*, 406 F.3d at 1352-3. If Rule 9(b) applies, the Relator must allege with particularity the "circumstances constituting fraud." Relator is not required to plead "intent" with particularity; rather "the cases and commentary agree that the reference to 'circumstances' in the rule requires 'the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content, of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994). Thus, **with regard to the misrepresentation** (here, the false marking), the plaintiff must allege "the who, what, when, where, and how: the first paragraph of any newspaper story." *Lusby*, 570 F.3d at 853. The Relator has met all of the foregoing requirements.

In *Lusby*, Judge Easterbrook stated the question nicely: has the *qui tam* defendant been "told exactly what the fraud entails"? Of course, the answer here is yes. Relator has told Blistex: <u>who</u> committed the false marking, (that is Blistex,[8] as alleged throughout the Complaint); <u>what</u> products it falsely marked (Medicated Lip Ointment), as alleged in the Complaint, Ex. A at ¶¶ 15-16 ), and <u>what</u> patent in particular was falsely marked on the product or associated product packaging (*see* Ex. A at ¶¶ 2, 10, 11, 15, 16 and 18); <u>when</u> the false marking event(s) occurred, that is *after* the expiration of the identified expired patents (*see* Ex. A

---

[8] The identity of the particular individuals at Blistex involved in the false marking will be learned during the discovery process. *United States ex re. Kennedy v. Aventis Pharmaceuticals*, 512 F. Supp. 2d 1158, 1167 (N.D. Ill. 2007) ("It is well established [that] the requirements of Rule 9(b) are relaxed when the plaintiff lacks access to all facts necessary to detail his claim. Such a situation is more likely to arise when, as in this case, the relators' claims are based on fraud allegedly committed against third parties").

at ¶¶ 2, 15, and 26); as shown by the 2009 copyright date on the package <u>where</u> the false marking occurred, that is on the product packaging of the accused product (*see* Ex. A at ¶¶ 15, 16, 30, and 32); and <u>how</u> the false marking was carried out, namely by placing the expired patent numbers on the product packaging of the accused products (*see* Ex. A at ¶ 15, 16). *See Lusby*, 570 F.3d at 853-4 (reciting the relator's allegations and noting that: (i) a relator cannot be expected to know – and therefore allege – all the specifics in a given circumstance, and (ii) "much knowledge is inferential.")

Having answered the five newspaper questions, and having pled both false marking and knowledge that the patent had expired – thus entitling the Court to infer an intent to deceive per the Federal Circuit's *Solo Cup* and *Clontech Labs* case law, the Relator has pled his complaint with particularity even if Rule 9(b) were to be applied. *Patent Compliance Group* (Ex. C at 17-20) (denying 9(b) dismissal based on rebuttable presumption). Accordingly, Blistex's Motion to Dismiss should be denied.

### Conclusion

For the foregoing reasons, Relator respectfully submits that Blistex's Motion to Dismiss the Relator's complaint should be denied in its entirety.

Dated: July 26, 2010

Respectfully submitted,

THOMAS A. SIMONIAN, as Relator

/s/ Jeffrey R. Moran

Jeffrey R. Moran

*Attorneys for Relator*

Joseph M. Vanek
Jeffrey R. Moran
John P. Bjork
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606

Martin Goering
Jessica E. Rissman
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606

Bruce S. Sperling
Robert D. Cheifetz
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 26, 2010, a true and correct copy of RELATOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(6) AND 9(b), AND IN THE ALTERNATIVE TO RULE 12(c) was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice upon all counsel of record.

s/ Jeffrey R. Moran

Jeffrey R. Moran
*Attorney for Relator*